UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADONAI EL-SHADDAI, a.k.a. James Ray Wilkerson,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>T. FOSS, Warden,<br><br>　　　　　　Respondent. | Case No. 2:19-cv-03317-RGK-JC<br><br>~~(PROPOSED)~~<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**I.　SUMMARY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and accompanying documents, the submissions in connection with the Motion to Dismiss the Petition, and all of the records herein, including the October 28, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") and petitioner's Objection to the Report and Recommendation filed on February 10, 2020.

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States

Magistrate Judge, and overrules petitioner's objections. Although the Court has considered and overruled all of petitioner's objections, the Court further addresses certain of petitioner's objections to the Report and Recommendation below.

## II. DISCUSSION

Petitioner contends that the Board of Parole Hearings violated his Sixth Amendment right to a jury trial when the Board relied on facts not found true by a jury to deny him parole. (Objection at 9 (citing Cunningham v. California, 549 U.S. 270 (2007)). Petitioner's invocation of principles discussed in Cunningham is inapt as such principles have no application to his case. In Cunningham, the Supreme Court held that in California, any additional factfinding to increase a sentence beyond the middle term must be found by a jury beyond a reasonable doubt. Cunningham, 549 U.S. at 293-94. The rule set forth in Cunningham is based on the Sixth Amendment's jury trial guarantee and the requirement of proof beyond a reasonable doubt contained in the Due Process Clause. See Cunningham, 548 U.S. at 281. At his parole hearing, petitioner enjoyed no constitutional right to jury trial or to proof beyond a reasonable doubt. See United States v. Knights, 534 U.S. 112, 120 (2001) ("trial rights of a jury and proof beyond a reasonable doubt" inapplicable in post-conviction probation proceedings); United States v. Santana, 526 F.3d 1257, 1262 (9th Cir. 2008) ("[t]here is no Sixth Amendment right to a jury trial for post-conviction determinations," which include parole eligibility determinations); United States v. Huerta-Pimentel, 445 F.3d 1220, 1225 (9th Cir.) (same), cert. denied, 549 U.S. 1014 (2006); compare United States v. Haymond, 139 S. Ct. 2369, 2379-80 & n.5 (2019) (federal statute governing revocation of supervised release, authorizing new mandatory minimum sentence based on a judge's factfinding by a preponderance of the evidence, violated the Due Process Clause and the Sixth Amendment right to jury trial as applied; a jury must find facts that trigger a new sentence).

Additionally, the rationale on which Cunningham is based does not apply, as

here, to indeterminate sentencing within the permitted sentencing range. See Blakely v. Washington, 542 U.S. 296, 309 (2004) ("Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence – and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.") (emphasis original).

### III. ORDERS

IT IS HEREBY ORDERED that the Petition is denied on the merits, this action is dismissed with prejudice, the Motion to Dismiss is denied as moot, and Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: February 14, 2020

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE